[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14404
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00217-JOF-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARK STANLEY BAILEY

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(April 27, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Mark Stanley Bailey appeals his 300-month sentence, imposed below the applicable guideline range, after pleading guilty to one count of receipt and/or distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Bailey argues that his 300-month sentence is substantively unreasonable, because: (1) his sentence was greater than necessary to satisfy the § 3553(a) factors, thus violating the "parsimony principle," when his offense level and criminal history was increased simultaneously by his prior child molestation conviction for molesting his daughter on multiple occasions and a second minor offense, raising the guideline range from 188 to 235 months to 324 to 405 months; (2) his health problems, including high blood pressure, spinal stenosis, diabetes, and tremors, limit his mobility and, thus, make him more vulnerable in prison; and (3) deterrence and protection of the public could be achieved through supervised release rather than imprisonment. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc),

2

cert. denied, 131 S.Ct. 1813 (2011). Bailey bears the burden of demonstrating that his sentence is unreasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190

---

[1] Under 18 U.S.C. § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), which include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See Irey, 612 F.3d at 1190. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

We have criticized the use of the phrase "parsimony principle" for the language in § 3553(a) that a sentence be "sufficient, but not greater than necessary." Irey, 612 F.3d at 1196-97. As we explained, the "parsimony principle" phrasing "tends to slant the discussion towards shorter sentences by emphasizing only" the need to avoid sentences that are too long. Id. at 1197.

4

In this case, Bailey has not shown that his sentence is unreasonable. As for procedural reasonableness, the sentencing court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, and explained the reason it imposed a below-guideline sentence. Further, as provided for in the Guidelines, the court correctly used Bailey's prior molestation conviction to enhance his offense level and as part of his criminal history category calculation. U.S.S.G. § 2G2.2, comment. (n.3) (2010) ("A conviction taken into account under subsection (b)(5) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)"). Thus, those enhancements were properly applied to Bailey's offense level calculations.

Bailey's sentence is also substantively reasonable. His 300-month (25 year) sentence was well below the 40-year statutory maximum term of imprisonment, and thus is an indicator that such a sentence is reasonable. Gonzalez, 550 F.3d at 1324. The sentence also met the goals encompassed in § 3553(a). As the record demonstrates, the court considered Bailey's arguments regarding his health and age, and decided that these factors were outweighed by the need to protect the public and the seriousness of the offense. In particular, the court expressed concern about Bailey's prior molestation conviction, which raised public safety issues. In addition,

the court said that an 188-month sentence would not necessarily protect the public or deter Bailey from engaging in future child pornography, because there are elderly men involved in child pornography and, therefore, old age will not necessarily change Bailey's behavior. The record thus shows that the sentence reflected a proper balancing of the § 3553(a) factors, and the court committed no clear error of judgment in weighing the factors. <u>Irey</u>, 612 F.3d at 1189. Accordingly, we affirm.

**AFFIRMED.**